By the Court. Campbell, J.
One George N. Carleton was arrested on the application of the relators, under the provisions of the act to abolish imprisonment for debt and to punish fraudulent debtors; and on such arrest, he controverted the facts alleged against him, and entered into a recognizance, in which the defendant in this suit united as his surety, in the sum. of six thousand three hundred dollars, and which recognizance recited, and was conditioned as follows :
“ And whereas said Carleton has been arrested under and by virtue of said warrant, and has been brought before the said Daly, and has controverted the facts and circumstances under which said warrant issued, and has prayed an adjournment of the hearing of said matter:—-Now, the condition of this recognizance is such, that if said Carleton shall or do well and truly appear before the said Charles P. Daly,. Esq., on the tenth day of November instant, at eleven o’clock in the forenoon of that day, at his chambers in the City Hall of the city of New York, and at such other times and places as the hearing of the said matter may from time to time be adgowrned, until the final decision of the said matter, then the above recognizance to be void / otherwise, to be i/n full force. Dated 8th November, 1846.”
The declaration avers that Carleton attended on the tenth day of November, and from time to time until the sixteenth day of December following, on which last day the judge decided that the allegations made by the relators were substantiated, and of which Carleton was convicted, and that on the same day Carleton offered, in pursuance of the provisions of the statute, to make and deliver an inventory of his estate, and an account of his creditors, and to execute an assignment. That thereupon, before the execution and completion of the assignment, and before any order for such assignment was made by the judge, an adjournment was had on the application of the relators, to the 19th of December. That Carleton never afterwards appeared ; that the recognizance was forfeited, and ordered to be put in suit for the benefit of the relators.
To this declaration the defendant demurs, assigning a large *446 number of causes, a few of which it will only be necessary to notice. It is certainly very questionable whether the recognizance is not entirely void. The language of the seventh section is: “ and in case of an adjournment, such officer may take recognizances with or without surety, at his discretion, from the defendant, for his appearance at the adjourned hearing.” 2 E. S., 214, 2d ed. § 60, declares that “ no sheriff or other officer shall take any bond, obligation or security by color of his office, in any other case or manner than such as are provided by law, and any such bond, obligation or security taken otherwise than as herein directed, shall be void.” See also People v. Meigham, 1 Hill. 298. The act under which this recognizance was given, does not in terms, certainly, call for an undertaking that the debtor shall appear at the adjourned hearing, and also at such other times and places as the hearings may from time to time be adjourned to. Though the act may, in one sense, be considered a statutory remedy for the collection of debts, yet the proceedings under it partake much of the character of criminal proceedings, and it may well be that it was the intention of the legislature that frequent adjournments should not be had, and that the debtor should not be harassed by an unnecessary and protracted contest; that at the adjourned hearing the creditors should be prepared for the examination, or if the debtor show cause for a future adjournment, it should be with the assent of his surety, or by entering into new recognizances. At all events, the statute speaks of the adjourned hearing; not of adjournments from time to time and from place to place.
But there is another serious difficulty. The act of 1840, incorporated as section eight in the third edition of the revised statutes, declares that the defendant shall not be entitled to the adjournment or postponement mentioned in the seventh section, unless he shall give a bond in a penalty of twice the amount of the debt, conditioned that he will not remove his property out of the jurisdiction of the court in which the suit is commenced, until the final decision of the matter. It may be remarked, that this eighth section, being the amendment of 1840, speaks of the adjournment, and also of the final decision, the latter exjuession not occurring in the seventh section. The declaration contains *447 no averment that the bond required by the act of 1840 was given, or that it was waived by the relators, or by the defendant in this suit, who became the surety for the personal appearance of the debtor. The adjournment was granted, as appears by the recognizance, and hy the averments in the declaration, on the application of Carleton, the debtor. It seems to us that the want of such an averment must be fatal to the plaintiffs. If such a bond had been given, it might materially have diminished the risk of the defendant. If Carleton had been possessed of property, or had given sufficient security, the relators might have secured their debt. In short, it was very material when Carleton applied for the adjournment, that he should give not only a recognizance for his personal appearance, but also a bond conditioned that he would not dispose of or remove his property ' until the final decision of the judge.
But what was the final decision referred to in the condition of the recognizance, admitting that it was well taken, and was obligatory upon the defendant? Did not the final decision of the matter referred to take place on the 16th of December, when the judge decided that the allegations against Carleton were sustained ? That decision settled the rights of the parties. The debtor had been tried and convicted. If the relators had failed in their proof, or Carleton had disproved the allegations, he would at once have been discharged by the judge. If the decision had been in favor of Carleton, it would have been final; and we are of opinion that it must be considered as a final decision when pronounced in favor of creditors.
The matter in controversy, charged in the petition and affidavits of the creditors and denied by the debtor, was whether the debtor had or had not committed the fraudulent acts. The judge decided that he had. That decision settled the matter in controversy. There was no longer any discretion to be exercised. The debtor must then pay the debt, or secure it, or make, or secure to be made an assignment of his property, or be committed to the gaol of the county. If on the 16th of December, when the judge pronounced his decision in the matter, there had been a bond given pursuant to the requirement of the act of 1840, and Carleton had been required to furnish a sworn *448 inventory of his property, together with an account of his creditors, and also to execute forthwith an assignment of his property, the provisions of the statute would have been complied with. But no bond was given, and no assignment was insisted upon, and the adjournment took place on the application of the creditors.
Upon the whole, we think the demurrer well taken, and it must be allowed with costs.